Ex parte Douglas Eugene LEWIS.

No. 71615.

Court of Criminal Appeals of Texas,
En Banc.

Dec. 14, 1994.

Merrilie W. Maull, Sugar Land, for appellant.

Peter Speers, Former Dist. Atty., Kathleen Hamilton, Asst. Dist. Atty., Conroe, Robert Huttash, State's Atty., Austin, for the State.

***OPINION***

OVERSTREET, Judge.

This is a post-conviction application for a writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P. On February 8, 1991, applicant was convicted in the 221st Judicial District Court of Montgomery County for the

offenses of Burglary of a Habitation in cause numbers 90–09–01053–CR (enhanced), 90–10–01225–CR, 90–10–01226–CR, 90–10–1227–CR, and 90–10–01228–CR. Applicant's challenge is directed to cause number 90–10–01225–CR wherein the indictment alleged that the complainant was Donna Whatley and that the offense was committed on or about the 27th day of August 1990.

Pursuant to a plea bargain agreement, applicant entered pleas of guilty, and the trial court found applicant guilty as charged in each indictment and assessed punishment in each cause at thirty years confinement in the Texas Department of Criminal Justice, Institutional Division. The trial court further, pursuant to the plea bargain agreement, ordered all sentences to run concurrently. No appeal was taken from these convictions.

We filed and set this application to decide the validity of the trial court's order of restitution contained in the judgment. The judgment recites "Total Amount of Restitution/Reparation: $10,988.20[,]" and contains an order that applicant "pay restitution in the total sum of *$10,988.20* for the benefit of (1) *$250.00* to Donald Snortland, [specific street address]; (2) *$10,738.20* to U.S.A.A., [specific post office box address], and said sum to be payable to the District Clerk of Montgomery County, Texas upon Defendant's release on parole or mandatory suspension [sic]."

## I.

### APPLICANT'S CONTENTION

Applicant contends the restitution order violates due process of law under the Fourteenth Amendment to the United States Constitution and due course of law under Article I, Section 19 of the State of Texas Constitution for multiple reasons; (1) he was given no notice and no opportunity to be heard, and (2) the victim to which he was to pay restitution was a third-party not related to the charged offense.

## II.

### PROCEDURAL HISTORY

We ordered the trial court to supplement the record with relevant documents or conduct an evidentiary hearing and to make findings of fact as to whether any documentation exists to reflect that applicant was convicted of the offense for which he has been ordered to pay restitution or that he agreed to pay such restitution. Our review of the supplemental record reveals that both the trial prosecuting and defense attorneys have submitted affidavits reflecting their recollections of the plea agreement. A copy of the statement of facts of the plea proceedings is also included.

The prosecutor's affidavit indicates that during plea negotiations, it is her practice to make notations in her file concerning the negotiations and to use a standard form which remains in the file. Her affidavit also states that "[t]he form pertaining to the [instant # 90–10–01225–CR] cause indicates a total in restitution of $10988.20 with $250 of said total sum for the benefit of Donald Snortland and $10738.20 of said total sum for the benefit of U.S.A.A." The affidavit adds that it is her practice to include in plea negotiations the sums for restitution when the victim has provided this information, and that she does not include these sums without first informing defense counsel, and in this case, these sums were included in the judgment, and that "[t]he judgment (original and copy for the defendant) was given to defense counsel prior to the defendant entering his plea."

Defense counsel's affidavit states that during plea negotiations it is his practice to make notations, and that he uses a standard disposition form which remains in his file. His affidavit also states that "[t]he form pertaining to the [instant # 90–10–01225–CR] cause does not have any indication of restitution ordered or negotiated[,]" and that it is his practice to include in plea negotiations sums for restitution if the assistant district attorney requires such as a condition of a plea agreement. The affidavit adds that his records do not indicate that restitution was requested in this case. While it states that he does not now recall whether this information was relayed to him by the assistant district attorney, and that he does not now recall whether or not he relayed any informa-

tion to his client regarding restitution, it also says that "the primary importance and the central focus of the negotiations with the [a]ssistant [d]istrict [a]ttorney was the number of years of which [his] client would be receiving as a result of his plea of guilty[,]" and that his records show the term of thirty years confinement as the only term of disposition; as there were a number of causes upon which applicant was originally charged, and the agreement centered mainly upon him accepting thirty years in prison, to be served concurrently on those charges.

The trial court's fact findings state that it found that the record of the plea proceedings "contains no mention, by either the State or [a]pplicant, of a fine or restitution to be paid[,]" while the judgment, signed by the trial court, "indicates that the 'Total Amount of Restitution/Reparation' is $10,988.20." The fact findings also indicate that applicant was sentenced to thirty years confinement and further ordered to pay $10,988.20 restitution, which was itemized as to pay $250 to the benefit of Donald Snortland and $10,-738.20 to the benefit of U.S.A.A. The findings also note that "[a]t the conclusion of the document, the trial court has signed and the applicant has applied his right index fingerprint." It also made fact findings which comported with the two attorneys' affidavits, including that the sums were included in the judgment and that the State gave a copy of the judgment to defense counsel prior to the defendant entering his plea. The trial court recommended that the relief requested by applicant be denied.

## III.

### ANALYSIS OF THIRD–PARTY CONTENTION

■ In *Martin v. State*, 874 S.W.2d 674 (Tex.Cr.App.1994), we have recently discussed the propriety of awarding restitution to victims of crimes for which the defendant has not been charged and convicted, albeit in the context of restitution as a condition of probation. We held that by specifically providing that a defendant may not be ordered to make payments except restitution "to the victim," the Legislature intended to limit the discretion of the trial court in ordering restitution payments and accordingly limited restitution to the victim of the offense for which the defendant was convicted. *Id.* We think that that reasoning is equally applicable to restitution as a condition of parole.

As noted above, the complainant in the instant # 90–10–01225–CR cause is Donna Whatley, while the trial court ordered applicant to pay restitution in that cause for the benefit of Donald Snortland and U.S.A.A. Applicant avers, and the State does not dispute, that neither Donald Snortland nor U.S.A.A. were the complainants in any of the five cases which he was sentenced on per the plea agreement. Likewise, applicant avers, and the State does not dispute, that Donald Snortland was the victim of another burglary, apparently which was not prosecuted. Applicant also avers without dispute that the assistant district attorney filed a statement of fact form to the Board of Pardons and Paroles from which it could be inferred that applicant was captured fleeing the scene of the Snortland burglary, and that Mr. Snortland at some unknown date several weeks after the arrest submitted an estimate and itemization listing various property missing valued at $11,874.50.

In light of *Martin* and these facts, particularly that neither Donald Snortland nor U.S.A.A. was the complainant in the instant # 90–10–01225–CR cause which ordered the restitution, we conclude that the trial court was without authority to order restitution to them in that cause.[1] We therefore conclude that applicant is entitled to relief.

---

1. Article 42.18, § 8(g), V.A.C.C.P., effective at the time of applicant's offense, provided:

   Each person to be released on parole shall be furnished a written statement and contract setting forth in clear and intelligible language the conditions and rules of parole. *The board may include as a condition of parole or mandatory supervision any condition that a court may impose on a probationer under Article 42.12 of*

   *this Code. . . .* Acceptance, signing and execution of the contract by the inmate to be paroled shall be a precondition to release on parole. . . . (emphasis added).

   Thus, under the law in effect at the time of applicant's offense, the Board of Pardons and Paroles alone set the conditions of parole and mandatory supervision and had the option, but not the duty, to condition a defendant's release

In light of our disposition based upon applicant's third-party contention, it is not necessary to address his claim as to lack of notice and opportunity to be heard. However, we point out that it is well-settled that the defendant is entitled to notice that a deadly weapon affirmative finding will be sought. *Ex parte Beck,* 769 S.W.2d 525 (Tex.Cr.App. 1989); *Ex parte Patterson,* 740 S.W.2d 766 (Tex.Cr.App.1987). We also note that V.T.C.A.Fam.Code, § 54.041(b) provides that if a child has been found to have engaged in delinquent conduct arising from an offense in which property damage or loss or personal injury has occurred, the juvenile court, *on notice to all persons affected* and on hearing, may order the child or a parent to make restitution to the victim of the offense.

Accordingly, relief is granted. The judgment in cause # 90–10–01225–CR in the 221st Judicial District Court of Montgomery County is ordered reformed to delete the above-discussed restitution order. Copies of this opinion shall be forwarded to the Texas Department of Criminal Justice, Institutional Division and Pardons and Paroles Division.

McCORMICK, Presiding Judge, dissenting.

Since the record clearly shows that applicant has not met his burden in showing that restitution was not part of the plea agreement, I dissent. *Ex parte Empey,* 757 S.W.2d 771, 775 (Tex.Cr.App.1988).

The facts show that on February 8, 1991 in the 221st Judicial District Court of Montgomery County, applicant pled guilty in cause numbers 90–09–01053–CR (enhanced), 90–10–01225–CR, 90–10–01226–CR, 90–10–1227–CR, and 90–10–01228–CR to the offenses of burglary of a habitation. Pursuant to a plea bargain agreement, the trial court sentenced applicant to thirty years' confinement in the Texas Department of Criminal Justice, Institutional Division for each charge

with the sentences to run concurrent. The trial court also ordered included in the judgment in cause number 90–10–01225–CR that applicant "pay restitution in the total sum of *$10,988.20* for the benefit of (1) *$250.00* to Donald Snortland, [specific street address]; (2) *$10,738.20* to U.S.A.A., [specific post office box address]; and said sum to be payable to the District Clerk of Montgomery County, Texas upon Defendant's release on parole or mandatory supervision [sic]."

Applicant filed an application for an Article 11.07, V.A.C.C.P., post-conviction writ of habeas corpus contending the restitution order violates due process of law under the Fourteenth Amendment to the United States Constitution and due course of law under Article I, Section 19 of the Texas Constitution because he was given no notice and no opportunity to be heard, and the victim to which he was to pay restitution was a third-party not related to the charged offense.

We ordered the trial court to supplement the record with relevant documents or conduct an evidentiary hearing in order to make findings of fact as to whether the restitution was part of the plea agreement or was even discussed. The prosecutor submitted an affidavit stating in part the following:

"During plea negotiations, it is my practice to make notations in the District Attorney's file concerning the negotiations. I use a standard form that remains in the file. The form pertaining to the above-numbered cause indicates total restitution of $10988.20 with $250 of said total sum for the benefit of Donald Snortland and $10738.20 of said total sum for the benefit of U.S.S.A. It is my practice to include in plea negotiations the sums for restitution when the victim has provided this information. *I do not include these sums without first informing defense counsel, and, in this case, these sums were included in the*

on a trial court's order that the defendant pay restitution upon release. In the instant case, the Board would not even be bound by the judgment's restitution entry when deciding appropriate conditions in the event of applicant's release on parole or mandatory supervision.

We also note that for offenses committed on or after September 1, 1993, Article 42.037, V.A.C.C.P. provides that the trial court may order

the convicted defendant to make restitution to the victim of the offense regardless of whether probation is imposed, and section (h) provides that if the defendant is paroled or released on mandatory supervision, the Board of Pardons and Paroles shall order the payment of restitution, which was ordered by the trial court, as a condition of parole or mandatory supervision.

*judgment. The judgment (original and copy for the defendant) was given to defense counsel prior to the defendant entering his plea.*" (emphasis added).

On the other hand, defense counsel's affidavit states only that although it is his "practice to include in plea negotiations sums for restitution, if the District Attorney requires it as a condition of a plea bargain agreement" and his "records do not indicate that restitution was requested in this case," he does "*not* now recall whether this information was relayed to me or not by (the Assistant District Attorney)," and whether he "relayed any information to my client regarding restitution." (emphasis added).

A review of the trial record reveals no discussion of restitution in the taking of applicant's plea. The trial court's findings of fact state that the sums were included in the judgment and that the State gave a copy of the judgment to defense counsel prior to the applicant entering his plea. The trial court recommended that the requested relief be denied. Applicant has not met his burden to show that restitution was not part of the plea agreement.[1] *Ex parte Empey,* 757 S.W.2d at 775. Therefore, relief should be denied. *Id.*

Because the majority ignores the facts and established law, I dissent.

CAMPBELL, WHITE and MEYERS, JJ., join this dissent.

---

1. In the case on which the majority bases its decision, this Court indicated that as part of a plea bargain a defendant may agree to pay restitution to someone other than the victim of the crime for which the defendant is convicted. *Martin v. State,* 874 S.W.2d 674, 680 n. 16 (Tex. Cr.App.1994).