TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00760-CR







Weldon Fogle, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 43,398, HONORABLE RICK MORRIS, JUDGE PRESIDING







PER CURIAM


 Appellant pleaded guilty and judicially confessed to evading arrest with bodily
injury. Act of May 3, 1989, 71st Leg., R.S., ch. 126, § 1, 1989 Tex. Gen. Laws 488 (Tex.
Penal Code Ann. § 38.04, since amended). Adhering to a plea bargain agreement, the district
court assessed punishment at imprisonment for ten years, probated. In three points of error,
appellant contends the district court erred by ordering him to pay $92,759.51 in restitution to the
attorney general worker's compensation division as a condition of probation.

 The State has filed a motion to dismiss the appeal based on rule 40(b)(1) of the
Texas Rules of Appellate Procedure as interpreted by the Court of Criminal Appeals. Lyon v.
State, 872 S.W.2d 732 (Tex. Crim. App. 1994); Davis v. State, 870 S.W.2d 43 (Tex. Crim. App.
1994); and see Rhem v. State, 873 S.W.2d 383 (Tex. Crim. App. 1994); Hutchins v. State, 887
S.W.2d 207 (Tex. App.--Austin 1994, pet. ref'd). Because appellant pleaded guilty pursuant to
a plea bargain agreement and punishment was assessed in accord with that agreement, appellant
must have the district court's permission to appeal any matter except rulings on written pretrial
motions and jurisdictional issues. Hutchins, 887 S.W.2d at 209. Restitution was not the subject
of a written pretrial motion and appellant's notice of appeal concedes that the district court did not
give permission to appeal. (1)

 Appellant urges that the district court did not have jurisdiction to order restitution
to an entity that was not a victim of the offense. Ex parte Lewis, 892 S.W.2d 4 (Tex. Crim. App.
1994); Martin v. State, 874 S.W.2d 674 (Tex. Crim. App. 1994). This argument confuses an
abuse of discretion with an absence of jurisdiction. Jurisdiction is the power of the court over the
subject matter of the case, conveyed by statute or constitutional provision, coupled with personal
authority over the accused, which is invoked by the filing of a sufficient charging instrument. 
Lyon, 872 S.W.2d at 736; Fairfield v. State, 610 S.W.2d 771, 779 (Tex. Crim. App. 1981). 
Appellant does not contend the district court lacked personal or subject matter jurisdiction in this
cause. Moreover, the district court was statutorily authorized to order restitution as a condition
of probation. Tex. Code Crim. Proc. Ann. art. 42.12, § 11(8) (West Supp. 1995). If the district
court abused its discretion by ordering restitution in this cause, it did not exceed its jurisdiction
by doing so.

 Appellant also asserts that Davis and Lyon were wrongly decided, echoing
arguments presented to us by the defendant in Hutchins. Our response, as before, is that we are
bound to apply rule 40(b)(1) as promulgated and interpreted by the Court of Criminal Appeals. 

 Under the circumstances, the proper procedural vehicle to challenge the restitution
order in this cause is a postconviction habeas corpus proceeding. Tex. Code Crim. Proc. Ann.
art. 11.07, § 2 (West Supp. 1995); see Ex parte Lewis, 892 S.W.2d at 4. The State's motion to
dismiss for want of jurisdiction is granted.

 The appeal is dismissed.


Before Justices Powers, Kidd and B. A. Smith

Appeal Dismissed for Want of Jurisdiction on State's Motion

Filed: April 26, 1995

Do Not Publish

1.   The agreement called for a probated ten-year sentence, with commitment to a substance
abuse facility as a condition of probation. The agreement was silent with regard to the other
conditions of probation, including restitution. Appellant does not contend that this cause is
not governed by rule 40(b)(1).