**Ex parte Lynford Bozzle MINOTT.**

No. 72877.

Court of Criminal Appeals of Texas.

July 8, 1998.

Gerald Fry, Houston, for appellant.

John Harrity, Assistant District Attorney, Richmond, Matthew Paul, Stat's Attorney, Austin, for State.

## OPINION

MANSFIELD, Judge, delivered the opinion of the Court, in which McCORMICK, Presiding Judge, and KELLER, PRICE, HOLLAND and WOMACK, Judges, joined.

This is a post-conviction application for a writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P. Applicant was convicted of the offense of aggravated possession of a controlled substance and the punishment was assessed at confinement for five years in the Texas Department of Criminal Justice—Institutional Division. No direct appeal was taken.

In his present application, Applicant contends that he was not given notice of the State's intent to seek an affirmative finding of a deadly weapon under Art 42.12, § 3g (a)(2).

According to the record, Applicant pleaded guilty to the offense of aggravated possession of a controlled substance in exchange for a sentence of five years. The record contains an affidavit from the assistant district attorney, Mr. John J. Harrity, which states:

> The petitioner was informed of this during plea negotiations, as well as during the State's recommendation to the Court at the time of the plea, that an affirmative finding that a deadly weapon was used by Petitioner would be made at the time he pled guilty before the Court. The State's recommendation was on each of Petitioner's cases was for Five years in I.D.T.D.C.J. to run concurrent with an affirmative finding of a deadly weapon, or twenty years in the instant case without an affirmative finding of a deadly weapon, non-aggravated. The Petitioner accepted the offer of five years with an affirmative finding of a deadly weapon, but only want-

ed to plea on one case. The State agreed. The State's file was open to Petitioner's attorney and he viewed the file. Included in the file was the offense report in this case.

Trial counsel filed an affidavit which states:

I was the attorney of record for Lynford Minot in Case No. 25518. I was the only attorney that Mr. Minott [sic] had representing him. I negotiated the plea with the District Attorney's Office. I don't remember an affirmative finding of a deadly weapon to be a part of the plea agreement. I have further reviewed my file and find no notations that reflect that an affirmative finding was part of a plea agreement. I never received notice in any form that the State would seek an affirmative finding of a deadly weapon. I reviewed my file and found no notations of any kind that the State would seek an affirmative finding of a deadly weapon.

Even though the accounts forwarded by trial counsel and the assistant district attorney differ, the trial court is in the best position to determine credibility. While this Court is not bound by the trial court's findings, we should follow them where they are supported by the record. Ex parte Brandley, 781 S.W.2d 886 (Tex.Cr.App.1989); Ex parte Adams 768 S.W.2d 281 (Tex.Cr.App. 1989).

The trial court made a finding of fact, based upon the State's affidavit, that two options were offered to the defendant by the State during the plea bargain process, one with a finding of a deadly weapon and one without. The trial court further found that Applicant accepted the offer which included a finding of the use of a deadly weapon, but with a much lesser sentence to be served in the Institutional Division. However, the trial court made the following findings: prior to the plea being taken by the court there was no written notice provided to Applicant that a deadly weapon finding was being sought by the State; the indictment made no reference to the use of a deadly weapon; no pleading was filed with the court notifying Applicant that the State was seeking a finding on the use of a deadly weapon. The trial court

made no recommendation as to whether or not relief should be granted.

We have previously held that written notice of the intent to seek an affirmative finding of the use of a deadly weapon must be filed with the trial court. Luken v. State, 780 S.W.2d 264 (Tex.Cr.App.1989). Prior to our decision in *Luken,* we held that a defendant is entitled to notice that the State would pursue an affirmative finding that a deadly weapon was used or exhibited during commission of an offense. Ex parte Patterson, 740 S.W.2d 766 (Tex.Cr.App.1987). This holding was later modified when we held a count in an indictment containing a deadly weapon allegation sufficed to give a defendant notice of the State's intent to pursue entry of a deadly weapon finding. Ex parte Beck, 769 S.W.2d 525 (Tex.Cr.App.1989). Additionally, we later held that a defendant is entitled to written notice that the State will seek an affirmative finding that a deadly weapon was used during commission of the charged crime, but such notice need not be contained in the indictment under which the defendant is ultimately tried. A defendant is simply entitled to written notice in some form that the use of a deadly weapon will be a fact issue at trial. Brooks v. State, 847 S.W.2d 247 (Tex.Cr.App.1993). In the instant case, however, no written notice of any kind given to Applicant and no reference to a deadly weapon was made in his indictment. Therefore, the question before us is whether Applicant's affirmative actions in knowingly and voluntarily entering into a plea agreement, which included a condition that an affirmative finding of a deadly weapon be contained in the judgment, waived the requirement that the State provide written notice it will pursue such a finding.

This Court recently held that a defendant's decision not to request a severance, and to accept the imposition of consecutive sentences imposed in a single criminal action for two offenses arising out of the same criminal episode, were valid waivers of his right to concurrent sentences. Ex parte McJunkins, 954 S.W.2d 39 (Tex.Cr.App.1997). In *McJunkins,* we employed a threepart test set out in Ex parte Sims, 868 S.W.2d 803 (Tex.Cr.App.1993). The *Sims* opinion prop-

erly noted the basic division of legal rules into (1) absolute requirements and prohibitions which cannot be waived or forfeited, (2) rights of litigants that must be implemented unless affirmatively waived, and (3) rights of litigants that are implemented on request but are forfeited by a failure to invoke them. Using the aforementioned test, this Court found in *McJunkins* the requirement of Texas Penal Code Section 3.03, that multiple sentences run concurrently if they arise out of the same criminal episode and are imposed in a single criminal action, is one which must be implemented unless affirmatively waived.

Unlike the situation confronted in *McJunkins,* there is no statute which requires written notification that an affirmative finding will be sought by the State. Furthermore, our opinions dealt with whether due course of law requires notice of the State's intention to seek a deadly weapon finding under § 3g (a)(2), and, if so, what form that notice should be. The requirement of written notice was merely one of form fashioned by this Court to ensure compliance with underlying concerns of due course of law. The ultimate issue in this case is not whether Applicant did not receive notice, an error which would be of constitutional dimension, but that he did not receive his notice in written form. The requirement of written notice does not rise to the level of an absolute constitutional requirement or prohibition which cannot be waived or forfeited. As in *McJunkins,* a litigant waives any complaint as to not receiving notice in written form when he agrees to a deadly weapon finding as part of a negotiated plea agreement.

The evidence reflects that Applicant entered into a negotiated agreement which included an affirmative finding of a deadly weapon. Even though Applicant did not receive written notice that the State would pursue an affirmative finding in his judgment, he did receive *actual* notice of the State's intent to seek a finding. After receiving actual notice of the State's intent to pursue an affirmative finding during the bargaining process, Applicant agreed to its inclusion in the judgment. He has waived any complaint that he did not receive notice of the State's intent.

Applicant was convicted and sentenced, in accordance with the plea bargain agreement in which he specifically accepted the inclusion of an affirmative finding of a deadly weapon in the judgment. There is no allegation that his decision to enter into the plea agreement was not knowing and voluntary. We hold that when a defendant pleads guilty as part of a plea agreement, and the inclusion of an affirmative finding of a deadly weapon is a part of that agreement, the defendant has received actual notice of the State's intention and the right to written notice is waived. To the extent our previous cases hold to the contrary, they are overruled. Relief is denied.

MEYERS, J., delivered a dissenting opinion joined by BAIRD and OVERSTREET, JJ.

MEYERS, Judge, dissenting.

I agree with the majority to the extent it holds the written notice requirement of the State's intent to seek a deadly weapon finding is waived when such finding is made a condition of a plea bargain agreement. In these circumstances, written notice of the State's intentions is not necessary since actual notice is memorialized in the plea agreement. But the majority holds that actual notice can be established solely by the disputed affidavit of the assistant district attorney. In my view, the terms of the plea agreement should appear somewhere in the trial record in order to support a finding of actual notice.

A notation on the docket sheet, signed by the trial judge, states: "Deft pleads guilty, admonished, sentencing per plea bargain, affirmative finding use of deadly weapon." The Written Stipulation and Judicial Confession, initialed by applicant, reads,

> That the attorney for the State will recommend to the Court that my punishment be assessed at the following: Five years IDTDCJ. I agree and accept that recommendation and have entered into a "plea-bargain agreement" for such recommendation.

The Judgment and Sentence states, "Terms of Plea Bargain: Five years at IDTDCJ."

On a separate line of this form appears, "Findings on Use of Deadly Weapon: True." The recitation portion of the Judgment and Sentence reads:

> ... the Court makes the [sic] its ruling in regard to a 'deadly weapon finding' as is indicated above. The Court further finds that there was a 'plea-bargaining agreement' between the State and the defendant and that the punishment assessed does not exceed the punishment recommended as per the 'plea-bargain-agreement'.

These references indicate the deadly weapon finding was *not* part of the terms of the plea agreement, as it is never mentioned in connection with the plea agreement but always appears separate and apart from it. Nothing in the trial record supports a conclusion that the deadly weapon finding was an agreed upon term of the plea bargain.

But the prosecutor says it was. And the majority denies relief based on his affidavit. Applicant's allegations to the contrary are supported by an affidavit of his trial attorney. In the face of disputed affidavits on the issue, and in the absence of evidence in the trial record, relief should be granted due to the lack of written notice. *See Ex parte Lewis*, 892 S.W.2d 4, 7 (Tex.Crim.App.1994)(noting "it is well-settled that the defendant is entitled to notice that a deadly weapon affirmative finding will be sought").

If this case involved a simple allegation of a broken plea bargain agreement, precedent supports denying relief based solely on the disputed testimony or affidavit of the prosecutor. *See, e.g., Ex parte Empey*, 757 S.W.2d 771, 775 (Tex.Crim.App.1988)(applicant's sworn allegations were not enough to establish plea bargain precluded entry of affirmative finding, where such allegations were denied by state); *Ex parte Griffin*, 679 S.W.2d 15, 17 (Tex.Crim.App.1984)(where defense attorney and prosecutor's testimony conflicted as to terms of plea bargain, held there was adequate evidence to support trial court's conclusion that applicant failed to prove his allegations) *but see Ex parte Garcia*, 682 S.W.2d 581, 582 (Tex.Crim.App.1985)(applicant established plea bargain induced by promise of no deadly weapon finding by sworn allegations, affidavit of counsel, comments of trial judge during admonishments, lack of evidence to support finding of use of deadly weapon, and failure of State to controvert applicant's sworn allegations). But this case involves more. We are permitting a written notice requirement to be supplanted by a plea bargain agreement. A finding of actual notice should not be made to turn on a credibility assessment. I would establish a bright-line rule that while the written notice requirement of the State's intent to seek a deadly weapon finding is waived when such finding is made a condition of a plea bargain agreement, the trial record must reflect the affirmative finding was an agreed upon term. Nothing in the trial record of this case indicates the affirmative finding was an agreed upon term of the plea bargain; if anything, the record indicates otherwise. In the absence of evidence of written or actual notice, applicant is entitled to relief.

BAIRD and OVERSTREET, JJ. join.