IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,837






EX PARTE EDWARD JEROME PUCKETT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W91-34666-H(A) IN CRIMINAL DISTRICT COURT NO. 1 


FROM DALLAS COUNTY






 Per curiam.


OPINION



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to thirty years' imprisonment. The Fifth Court of Appeals
dismissed Applicant's appeal because his notice of appeal was untimely filed. See Puckett v. State,
No. 05-00-00091-CR (Tex. App.-- Dallas, no. pet, 2000.)

 Applicant contends inter alia that counsel rendered ineffective assistance because counsel
rejected the State's offer of ten years' confinement "out of hand" without discussing it with
Applicant because he thought it was "ridiculous." He also alleges that counsel advised him that the
maximum punishment he could get for this offense was 10 years' confinement if he contested the
charges in the State's motion to revoke and that counsel advised him that he was probably going to
"walk out a free man" or could be placed in an S.A.F.P. treatment program if he contested the
charges. Applicant alleges that if counsel had advised him that the applicable punishment range was
5 to 99 years' imprisonment or life, he would not have not contested the charges in the State's
motion to revoke. 

 On May 14, 2007, the trial court entered findings of fact and conclusions of law
recommending that relief be granted. The trial court found that defense counsel failed to inform
Applicant about the applicable punishment range and concluded that this was an omission that fell
below an objective standard of reasonableness. See Ex parte Wilson, 724 S.W.2d 72, 73-74 (Tex.
Crim. App. 1978); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). The trial judge
also found that counsel had rejected the State's offer of ten years' confinement without discussing
it with Applicant because he thought it was "ridiculous." The trial judge concluded that the
appropriate remedy when trial counsel fails to convey a plea-bargain offer is to reinstate the offer.
Lemke at 797-798. 

 An initial review of the record revealed that, although the trial judge's findings were
supported by the record, the record was incomplete because it did not contain an affidavit from
counsel. Consequently, this Court remanded this application to the trial court on September 26,
2007. On October 23, 2007, in response to this Court's remand order, trial counsel Philip Jones
filed an affidavit refuting Applicant's allegations. On November 19, 2007, the trial judge entered
supplemental findings of fact and conclusions of law specifically finding that counsel's affidavit was
not credible. The trial judge's findings are supported by the record. While this Court is not bound
by the findings of the habeas court, we should follow them when they are supported by the record. 
See Ex parte Minott, 972 S.W.2d 760, 761 (Tex. Crim. App. 1998). 

 Relief is granted. The judgment in Cause No. W91-34666-H(A) from Criminal District
Court No. 1 of Dallas County is set aside, and the Applicant is remanded to the custody of the Sheriff
of Dallas County. Further, the State is ordered to reinstate its ten-year plea offer, and the trial court
shall allow Applicant to enter a new plea to the indictment in this cause. 

 Copies of this opinion shall be sent to both the Correctional Institutions and the Pardons and
Paroles Divisions of the Texas Department of Criminal Justice.

 

Filed: February 6, 2008

Do not publish