

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-75,837

**EX PARTE EDWARD JEROME PUCKETT, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W91-34666-H(A) IN CRIMINAL DISTRICT COURT NO. 1 FROM DALLAS COUNTY

*Per curiam.*

## OPINION

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault of a child and sentenced to thirty years' imprisonment. The Fifth Court of Appeals dismissed Applicant's appeal because his notice of appeal was untimely filed. *See Puckett v. State*, No. 05-00-00091-CR (Tex. App.— Dallas, no. pet, 2000.)

Applicant contends *inter alia* that counsel rendered ineffective assistance because counsel rejected the State's offer of ten years' confinement "out of hand" without discussing it with

Applicant because he thought it was "ridiculous." He also alleges that counsel advised him that the maximum punishment he could get for this offense was 10 years' confinement if he contested the charges in the State's motion to revoke and that counsel advised him that he was probably going to "walk out a free man" or could be placed in an S.A.F.P. treatment program if he contested the charges. Applicant alleges that if counsel had advised him that the applicable punishment range was 5 to 99 years' imprisonment or life, he would not have not contested the charges in the State's motion to revoke.

On May 14, 2007, the trial court entered findings of fact and conclusions of law recommending that relief be granted. The trial court found that defense counsel failed to inform Applicant about the applicable punishment range and concluded that this was an omission that fell below an objective standard of reasonableness. *See Ex parte Wilson*, 724 S.W.2d 72, 73-74 (Tex. Crim. App. 1978); *Ex parte Lemke*, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). The trial judge also found that counsel had rejected the State's offer of ten years' confinement without discussing it with Applicant because he thought it was "ridiculous." The trial judge concluded that the appropriate remedy when trial counsel fails to convey a plea-bargain offer is to reinstate the offer. *Lemke* at 797-798.

An initial review of the record revealed that, although the trial judge's findings were supported by the record, the record was incomplete because it did not contain an affidavit from counsel. Consequently, this Court remanded this application to the trial court on September 26, 2007. On October 23, 2007, in response to this Court's remand order, trial counsel Philip Jones filed an affidavit refuting Applicant's allegations. On November 19, 2007, the trial judge entered supplemental findings of fact and conclusions of law specifically finding that counsel's affidavit was

<u>not</u> credible.  The trial judge's findings are supported by the record.  While this Court is not bound by the findings of the habeas court, we should follow them when they are supported by the record. *See Ex parte Minott*, 972 S.W.2d 760, 761 (Tex. Crim. App. 1998).

Relief is granted.  The judgment in Cause No. W91-34666-H(A) from Criminal District Court No. 1 of Dallas County is set aside, and the Applicant is remanded to the custody of the Sheriff of Dallas County.  Further, the State is ordered to reinstate its ten-year plea offer, and the trial court shall allow Applicant to enter a new plea to the indictment in this cause.

Copies of this opinion shall be sent to both the Correctional Institutions and the Pardons and Paroles Divisions of the Texas Department of Criminal Justice.

Filed: February 6, 2008
Do not publish