IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,421-02






EX PARTE RICKY EDWARD WELCH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 007-0681-05-B IN THE 7
TH DISTRICT COURT


FROM SMITH COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault and sentenced to
twelve (12) years' imprisonment. He did not appeal his conviction. 

 Applicant contends inter alia that he is actually innocent of this offense and that the victim has
made a credible recantation. Applicant acknowledges that he has filed a prior 11.07 application for writ
of habeas corpus but argues that he is not barred from raising his claims because he is supporting his claims
with evidence which was unavailable when he filed his prior writ. In support of his claim, he has attached
a recantation affidavit from the victim, Sara Allstatt, dated April 17, 2007. He has also attached witness
statements from the victim's mother, Patricia Powell, and the victim's sister, Jessica Miel, dated May 18,
2006, and June 26, 2006, respectively. 

 On August 22, 2007, this Court remanded this application because Applicant had alleged facts
that, if true, might entitle him to relief. Ex parte Tuley, 109 S.W.3d 388, (Tex. Crim. App. 2002); Ex
parte Morrow, 952 S.W.2d 530 (Tex. Crim. App. 1997). In that order, we asked the trial judge to inter
alia make findings as to when Applicant found out about the victim's recantation. Also, we asked the trial
judge to make findings as to whether the victim's recantation was credible. 

 In response to this Court's remand order, the trial judge held a habeas hearing on November 27,
2007. The trial judge entered supplemental findings of fact and conclusions of law recommending that relief
be denied on December 12, 2007. 

 The trial judge found that Applicant was informed about the victim's recantation before he filed his
initial habeas application in 2005. However, the testimony at the habeas hearing shows that Applicant did
not hear rumors about the victim's recantation until 2006, and did not receive written proof of the
recantation until 2007. We find that Applicant's actual innocence claim is based on facts which were
unavailable when he filed his initial habeas application and that this claim, thus, is not barred by Section 4. 


 Having found that Applicant's claim is not procedurally barred, we next turn to an analysis of the
underlying claim. In order to succeed on an actual innocence claim, an applicant must prove, by clear and
convincing evidence, that the newly discovered evidence establishes his innocence. Ex parte Tuley, 109
S.W.3d 392, 397 (Tex. Crim. App. 2002). In this case, Applicant supported his actual innocence claim
with affidavits from the victim, Sara Allstatt, his sister, Patricia Powell, and his niece, Jessica Miel. Allstatt's
testimony at the hearing was consistent with her recantation affidavit. Specifically, Allstatt testified that she
initially accused Applicant of sexually assaulting her because she was afraid that her husband would find
out of the consensual sexual relationship she had with Applicant. Allstatt also testified that she was
concerned this sexual relationship would upset her entire family as Applicant is her uncle. Allstatt testified
that she first told her mother that she had lied when she accused Applicant a few months after trial, but she
had no contact with the Applicant at that time. Powell's testimony was consistent with Allstatt's testimony.
She also testified that Allstatt told her she had fabricated the charges against Applicant because she was
afraid her husband would find out about their affair. Powell testified that she believed Allstatt's recantation. 
Finally, Applicant testified that he has always maintained that he is innocent of these charges. 

 The trial judge entered supplemental findings based on his observation of the witnesses at the
habeas hearing. The trial judge found that Allstatt's testimony, including her explanation of why she had
fabricated her accusations of sexual assault against Applicant, was not credible. He concluded that
Applicant was not actually innocent of this offense. The trial judge's findings pertaining to the merits of the
underlying claim are supported by the record. While this Court is not bound by the findings of the habeas
court, we should follow them when they are supported by the record. See Ex parte Minott, 972 S.W.2d
760, 761 (Tex. Crim. App. 1998). Accordingly, relief is denied. 


Filed: February 13, 2008

Do not publish