

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-75,877

## EX PARTE JORGE LUIS RODRIGUEZ, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 9417160-A IN THE 208TH DISTRICT COURT
## FROM HARRIS COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to 22 years' imprisonment. The Seventh Court of Appeals dismissed his direct appeal. *Rodriguez v. State*, No. 07-00581-CR (Tex. App.– Amarillo, 2002, no pet.) (not designated for publication.)

Applicant contends *inter alia* that trial counsel rendered ineffective assistence because counsel failed to disclose the existence of co-defendant Julio Cortez's audio taped confession to

the Applicant before he entered his guilty plea. Also, Applicant alleges that counsel labored under a conflict of interest as he represented co-defendant Mario Antonio Cruz at the same time as he represented Applicant and this adversely affected specific instances of counsel's performance.

In its original answer, the State conceded that Applicant had alleged facts which, if true, could entitle him to relief and that a further factual resolution was needed to resolve Applicant's ineffective assistence of counsel claims. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). On April 2, 2003, the trial judge issued an Order Designating Issues instructing trial counsel Garry Washington to file an affidavit addressing Applicant's ineffective assistance claims. On August 12, 2003, the trial judge entered a show cause order directing counsel to appear in court with an affidavit or to show cause as to why he has failed to produce said affidavit. However, counsel failed to file an affidavit and failed to appear in court to respond to Applicant's allegations.

On March 15, 2004, the trial judge held a habeas hearing concerning the merits of Applicant's claims. At the hearing, Applicant testified that counsel advised him that the evidence showed that he was guilty as a party and that he would be convicted if he went to trial. Also, Applicant testified that counsel failed to advise him about the existence of Cortez's audio taped confession before Applicant entered his guilty plea and that he would not have pleaded guilty if he had known about the confession. Applicant offered evidence which showed that Cortez confessed that he committed this offense by himself without Applicant's knowledge and consent. Applicant also testified that counsel agreed to represent co-defendant Cruz while he was representing Applicant and that he failed to advise Applicant about the potential conflict of interest which could arise from his representation of the two co-defendants. Also, Applicant introduced evidence showing that the

trial judge granted Cruz's motion to dismiss because of insufficient evidence on the same day that Applicant pleaded guilty.

At the conclusion of the hearing, the trial judge stated that she would recommend that habeas relief be granted on the basis of ineffective assistance of counsel because: (1) counsel failed to inform the defendant about the existence exculpatory evidence before he entered his plea; and, (2) counsel failed to advise Applicant about the potential for conflict of interest which arose when counsel agreed to represent a co-defendant at the same time he represented Applicant. The trial judge's findings are supported by the record. While this Court is not bound by the findings of the habeas court, we should follow them when they are supported by the record. *See Ex parte Minott*, 972 S.W.2d 760, 761 (Tex. Crim. App. 1998).

This application was pending in the district court until December 20, 2007, because the trial judge was waiting for the State to file proposed findings of fact and conclusions of law. The district clerk forwarded the habeas hearing record to this Court on February 15, 2008.

Based on our own review of the record, as well as the findings which the trial judge pronounced in open court, we find that Applicant is entitled to habeas relief. We conclude that counsel's failure to advise Applicant about the existence of exculpatory evidence was an omission that fell below the objective standard of reasonableness and that, but for counsel errors, Applicant would have insisted in going to trial. *Ex parte Morrow*, 952 S.W.2d 530 (Tex. Crim. App. 1997). Further, we conclude that Applicant has shown that counsel was burdened by an actual conflict of interest and that the conflict had an adverse effect on specific instances of counsel's performance. *Monreal v. State*, 947 S.W.2d 559, 564 (Tex. Crim. App. 1997).

Relief is granted. The judgment in Cause No. 9417160-A from the 208th Judicial District

Court of Harris County is set aside, and Applicant is remanded to the custody of the Sheriff of Harris County to answer the charge against him.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: March 19, 2008
Do Not Publish