IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,812-01






EX PARTE DAVID WADE McDERMETT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 044962-A IN THE 59TH DISTRICT COURT


FROM GRAYSON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was charged with aggravated
robbery with a deadly weapon. He pleaded guilty and the trial court deferred adjudication and
imposed a term of community supervision. Following the State's motion to adjudicate guilt,
Applicant was convicted of robbery and sentenced to eight years' imprisonment. The judgment of
conviction included an affirmative deadly weapon finding. Applicant did not appeal his conviction.

 Applicant contends, inter alia, that his plea was involuntary or the plea agreement was
breached. Specifically, Applicant contends that he entered his plea in reliance on counsel's advice
and the State's representation that the State would reduce the charged offense to simple robbery and
delete the deadly weapon allegation. However, on adjudication, the court convicted Applicant of
aggravated robbery and entered an affirmative deadly weapon finding.

 The trial court has entered findings of fact that Applicant was convicted of simple robbery,
not aggravated robbery, and that a nunc pro tunc judgment reflects the correct offense of conviction. 
The nunc pro tunc judgment is included in the current habeas record. However, the trial court has
not made a finding as to whether there was an agreement concerning the deadly weapon allegation,
and the plea papers are not included in the current habeas record. Applicant has alleged facts that,
if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Minott,
972 S.W.2d 760 (Tex. Crim. App. 1998). In these circumstances, additional facts are needed. As
we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection and court records. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing the
plea papers, all affidavits and interrogatories or the transcription of the court reporter's notes from
any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions
of law, shall be returned to this Court within 120 days of the date of this order. Any extensions of
time shall be obtained from this Court.




Filed: May 21, 2008

Do not publish