**Ex parte Aaron Allen ADKINS.**

**No. 70754.**

Court of Criminal Appeals of Texas, En Banc.

April 5, 1989.

Aaron Allen Adkins, attorney pro se.

Grant Jones, Dist. Atty., Deanie King, Asst. Dist. Atty., Corpus Christi, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Presiding Judge.

This is a post conviction application for writ of habeas corpus as authorized by Article 11.07, V.A.C.C.P. Applicant, who was convicted as a party, contends that inclusion of a deadly weapon finding in his judgment is improper and should be deleted.

The record before us reflects that applicant, along with three others, was indicted for the offense of capital murder. Applicant pled guilty, pursuant to a plea bargain agreement, to the lesser included offense of murder. The sentence to be imposed, as per the agreement, was thirty years in the Texas Department of Corrections. The record also reflects that as part of the plea bargain the judgment was to include an affirmative finding as to the use of a deadly weapon. Article 42.12, Section 3g(a)(2), V.A.C.C.P. (then Section 3f(a)(2)).

Applicant is complaining that the affirmative finding, entered as a part of the plea agreement, should be deleted from the judgment as he was convicted only as a party to the offense and there is no evidence to support the finding.

This Court has held that the terms of plea agreements, being contractual in nature, are left to the parties to determine and agree upon and that this Court will not disturb the terms of such agreements. *Ex parte Williams*, 758 S.W.2d 785 (Tex.Cr. App.1988). Although contractual concepts apply to plea bargains, such should not be strictly enforced to the detriment of due process. *Shannon v. State*, 708 S.W.2d 850 (Tex.Cr.App.1986) (in which this Court found that the imposition of an improper sentence required, on the basis of "fairness," that the plea be withdrawn). This is not to say, however, that "mutual benefit" should not also be considered. *Shannon* at 851, citing *Mabry v. Johnson*, 467 U.S. 504, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984). In *Shannon*, we also found that if for some reason the plea bargain fails, then the defendant is entitled to have either the bargain specifically performed or set aside "depending on the circumstances." Id. at 851. And "when a defendant attacks a conviction based upon a plea bargain agreement, he attacks the benefit bestowed upon him (normally a reduced sentence) and seeks to withdraw from his end of the bargain." Id.

Subsequent to applicant's conviction, this Court determined in *Travelstead v. State*, 693 S.W.2d 400 (Tex.Cr.App.1985), that if a defendant is tried as a party, there can be no affirmative finding of the use of a deadly weapon unless the trier of fact makes a specific finding that the defendant *himself* used or exhibited the deadly weapon. See also *Terry v. State*, 692 S.W.2d 496 (Tex. Cr.App.1985); *Flores v. State*, 690 S.W.2d 281 (Tex.Cr.App.1985).

It appears from the record as well as on the face of the judgment that applicant pled guilty to the offense of murder but only to the extent that he was a party to said offense. Everyone involved in the process knew applicant was not the "triggerman" and the Judge went to great pains to make sure applicant understood that he was not pleading guilty to the murder in the sense that applicant did the actual killing but rather only as a party to the offense.

The State argues, and the trial court held in its conclusions of law, that the inclusion of the affirmative finding is proper since it was secured as a condition of the plea agreement and voluntarily accepted by the applicant.

As previously stated, the terms of plea agreements are to be left to the parties, however, we also hold that Article 42.12, Section 3g(a)(2), does not apply to parties as per *Travelstead*. As a result, applicant could not legally agree to, the State could not properly request, and the trial court was without the authority to enter, the affirmative finding discussed herein.

We are now faced with a choice: 1) enforce specific performance of the agreement; or 2) set the agreement aside. Since the record is replete with evidence that applicant, as a mere party to the offense, never "used or exhibited a deadly weapon," entry of such a finding was improper. See *Travelstead v. State*, 693 S.W.2d 400 (Tex. Cr.App.1985). An improper entry of an affirmative finding requires the finding be deleted. However, the result of deleting the finding without disturbing the remainder of the bargain would be to adjust the tenor of the "mutual obligation" entered into by the parties. This would create a new bargain not contemplated by the parties or the trial court when it accepted the plea agreement and entered its judgment accordingly. As plea agreements should be followed the same as a contract under similar circumstances, we find that specific performance of the agreement, without an essential portion of the essence of the agreement, i.e., the affirmative finding, is an unacceptable remedy.

This leaves this Court with but one option in this case: to set the plea bargain aside. By doing this, we place the parties once again on equal grounds in relation to their bargaining positions which led to the initial plea agreement.

The judgment heretofore entered is set aside and it is ordered that applicant be returned to the custody of the Nueces County Sheriff to answer to the indictment in Cause No. 84-CR-1022-A.

Copies of this opinion shall be forwarded to the Texas Department of Corrections and to the Nueces County Sheriff.

CLINTON, J., dissents for reasons explicated in his dissenting opinion in *Shannon v. State*, 708 S.W.2d 850 (Tex.Cr.App.1986).