**Ex parte Billy Ross SIMS.**

**No. 71655.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 1, 1993.

Rehearing Denied Jan. 26, 1994.

Billy Ross Sims, pro se.

John Vance, Dist. Atty., and Teresa Tolle, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CAMPBELL, Judge.

This is a post-conviction application for a writ of habeas corpus filed pursuant to the provisions of Article 11.07, V.A.C.C.P. In a single proceeding Applicant was convicted of two murders, one alleged in an indictment and one in an information. Punishment was assessed at life imprisonment in each cause, to be served consecutively. These convictions were affirmed. *Sims v. State*, 807 S.W.2d 618 (Tex.App.—Dallas 1991, pet. ref'd).

Applicant contends that the trial court improperly cumulated the sentences in these causes because they arose out of the same criminal episode and were prosecuted in the same criminal action. See *LaPorte v. State*, 840 S.W.2d 412 (Tex.Cr.App.1992). The trial court has entered findings, supported by the record. Applicant was initially indicted for capital murder, but entered into a plea agreement. The State agreed to dismiss the capital murder charges, and Applicant agreed to plead guilty to both murders. They also agreed a life sentence would be assessed in each cause, the trial court would enter affirmative findings that Applicant used a deadly weapon, and it would be left to the court as to whether the sentences would run concurrently or consecutively.

In *LaPorte* we held, "An improper cumulation order is, in essence, a void sentence, and such error cannot be waived." *Id.* at 415. However, we have since noted that there are three types of rules in our legal system: absolute requirements and prohibitions which cannot be waived or forfeited; rights of litigants which must be implemented unless affirmatively waived; and rights of litigants which are implemented upon request and can be forfeited by a failure to invoke them. *Marin v. State*, 851 S.W.2d 275, 279–80 (Tex. Cr.App.1993). *LaPorte* arose in the context of a failure to object, not an affirmative

waiver. The first issue presented here is whether a defendant may affirmatively waive concurrent sentences when he is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, or whether the prohibition against consecutive sentences is absolute and not subject even to affirmative waiver.

A defendant may not by agreement render legal a punishment which is not otherwise authorized by law. *Heath v. State*, 817 S.W.2d 335 (Tex.Cr.App.1991). In circumstances such as Applicant's, "sentences shall run concurrently." V.T.C.A. Penal Code, § 3.03. This language creates an absolute restriction of a trial court's general authority to impose consecutive sentences[1] similar to the restrictions Article 42.12, § 3g(a), V.A.C.C.P. places on a trial court's general authority to grant probation, as was addressed in *Heath*. An absolute requirement or prohibition may not be lawfully avoided, even with partisan consent. *Marin*, 851 S.W.2d at 280. Accordingly, Applicant was not able to consent to imposition of consecutive sentences, and entry of the cumulation order was not authorized, notwithstanding the terms of the plea agreement.

Applicant is entitled to habeas corpus relief. We must now determine the relief to which he is entitled.

When a defendant successfully challenges a conviction obtained through a negotiated plea of guilty, the appropriate remedy is specific performance of the plea agreement, if possible. *Shannon v. State*, 708 S.W.2d 850, 852 (Tex.Cr.App.1986). If specific performance is not possible, the plea must be withdrawn and the parties must be returned to their original positions. *Id.*

In the present case, the question is whether imposition of consecutive sentences was part of the plea bargain, rendering specific performance impossible. Although the parties did not agree that the trial court *would* cumulate the sentences, they agreed

---

1. Article 42.08, V.A.C.C.P.

the court *could* require the sentences be served consecutively. The State bargained for the possibility of consecutive sentences, and Applicant bargained for potential concurrent sentences. Thus, at least the possibility of consecutive sentences was an element of the plea agreement. If we were to reform the judgment in one cause by deleting the cumulation order, the resulting judgments and terms of sentences would be within the scope of the plea agreement, as the parties knew that concurrent sentences could result. However, the parties also foresaw the chance for consecutive sentences.

In *Ex parte Adkins*, 767 S.W.2d 809 (Tex. Cr.App.1989), the trial court entered an affirmative finding on the use of a deadly weapon, pursuant to a plea bargain. This Court found the affirmative finding to have been unauthorized. *Id.* at 811. In determining the proper relief, deletion of the affirmative finding or setting the judgment aside, we stated:

> [T]he result of deleting the finding without disturbing the remainder of the bargain would be to adjust the tenor of the "mutual obligation" entered into by the parties. This would create a new bargain not contemplated by the parties or the trial court when it accepted the plea agreement and entered its judgment accordingly. As plea agreements should be followed the same as a contract under similar circumstances, we find that specific performance of the agreement, without an essential portion of the essence of the agreement, i.e., the affirmative finding, is an unacceptable remedy.

*Id.* The plea bargain was set aside, and the parties were "once again on equal grounds in relation to their bargaining positions which led to the initial plea agreement." *Id.*

What we said in *Ex parte Adkins* applies in the present case. Neither the parties nor the trial court viewed the plea bargain as providing for concurrent sentences only. Applicant and the State expressly agreed, although erroneously, that the imposition of consecutive sentences was an available option. The trial court accepted the plea bar-

gain and exercised that option. While it could be argued that under *Ex parte Adkins* the option of consecutive or concurrent sentences was not "an essential portion of the essence of the agreement," we must keep in mind what was also said in *Ex parte Adkins*: "[T]he terms of plea agreements, being contractual in nature, are left to the parties to determine and agree upon and ... this Court will not disturb the terms of such agreements." *Id.* at 810. The possibility of consecutive sentences was certainly important enough to Applicant and the State to expressly include in the agreement.

If this Court were to simply delete the cumulation order only the State would be bound detrimentally to this aspect of the agreement. This is neither logical nor fair. *Shannon*, 708 S.W.2d at 852. Specific performance of the bargained-for possibility of consecutive sentences cannot be obtained. The parties must be returned to their positions prior to the plea of guilty.

The judgments in Cause Nos. F89–95967–L and F88–91352–KL in Criminal District Court Number 5 of Dallas County are set aside and it is ordered that Applicant be returned to the custody of the Dallas County Sheriff to answer the indictment and information in these causes. See *Ex parte Adkins*, 767 S.W.2d at 811.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice, Institutional and Pardons and Paroles Divisions.

MILLER, J., not participating.