**Ex parte James Howard McJUNKINS.**

**No. 72410.**

Court of Criminal Appeals of Texas, En Banc.

June 26, 1996.

James Howard McJunkins, Lovelady, pro se.

Patrick C. Batchelor, Dist. Atty., Corsicana, Matthew Paul, State's Atty., Austin, for the State.

## OPINION

KELLER, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P. In a single proceeding Applicant was convicted of murder and aggravated robbery in cause numbers 23706 and 23707, respectively, following a plea bargain by which a single capital murder indictment was dismissed. Pursuant to that plea bargain, punishment was assessed at life imprisonment for each offense, with the sentence in 23707 to run consecutively with that assessed in 23706. The cumulation of the sentences was part of the plea agreement. There was no appeal.

■ Applicant challenges that part of the plea bargain which requires 23707 to run consecutively under *LaPorte v. State,* 832 S.W.2d 597 (Tex.Crim.App.1992), because he was tried in a single criminal action for offenses arising out of the same criminal episode. See V.T.C.A. Penal Code, §§ 3.01, 3.02 and 3.03. Applicant contends that his pleas of guilty should be withdrawn and both parties should be returned to their positions prior to the pleas of guilty. The trial court has made no findings of fact and conclusions of law pursuant to the present writ application.

Pursuant to a previous writ application, however, the trial court entered findings of fact and conclusions of law in which it was found:

> The Court finds it conducted a single hearing on the matter on March 1, 1990. The Court further finds that after the Defendant signed stipulations of evidence, and waived indictment and trial by jury in both causes, the Court accepted both pleas of guilty, contemporaneously, at this same hearing. Based on the recommendation of the State's attorney, the Court imposed a life sentence in Cause # 23706, and a life sentence in Cause # 23707 to run consecutive. Based on the recommendation of the State's attorney, on March 1, 1990, this Court signed an order dismissing the Capital Murder charges pending against the Defendant.

We agree that the cumulation orders are improper under §§ 3.01, 3.02, and 3.03 and the reasoning set out in *LaPorte.*

■ In *Ex parte Sims,* 868 S.W.2d 803 (Tex.Crim.App.1993), we held that where the record reflects a plea bargain for the possibility of improper consecutive sentences, reformation to delete the "stacking" order was not the proper remedy. Rather, "[t]he parties must be returned to their positions prior to the plea of guilty." *Sims,* 868 S.W.2d at 805. In *Sims* the plea bargain was for the *possibility* of consecutive sentences whereas in the instant case the plea bargain was for consecutive sentences.

In *Sims* we also stated that if we were simply to delete the cumulation order, only the State would be bound detrimentally to that aspect of the plea agreement. *Sims,* 868 S.W.2d at 805. That is because a cumulation order is obviously to the State's benefit and to Applicant's disadvantage. We concluded that deletion of the order requiring consecutive sentences would be neither logical nor fair. *Id.*

The State has not filed a reply to the present writ application, and has not informed this Court that it would forebear and relinquish that benefit of the plea agreement of which the State will be deprived if the cumulation order is held to be invalid. Specific performance is not possible, deletion of the cumulation order would unfairly inure to

Applicant, and the State has not expressed its desire to forebear and relinquish that aspect of the plea agreement that requires that the sentences run consecutively. Consequently, the judgments in cause numbers 23706 and 23707 from the 13th Judicial District Court of Navarro County are set aside and it is ordered that Applicant be returned to the custody of the Navarro County sheriff to answer the charging instruments in these causes.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice, Institutional and Pardons and Paroles Divisions.

## DISSENTING OPINION

BAIRD, Judge, dissenting.

Applicant was initially indicted for capital murder in cause no. 23,647. The parties entered into a plea bargain agreement whereby the State agreed to dismiss the capital murder charges and appellant agreed to plead guilty to the separate offenses of murder, cause no. 23,706, and aggravated robbery, cause no. 23,707, that punishment for each offense would be assessed at confinement for life and that the sentences would be consecutive.

Applicant now seeks habeas corpus relief, contending the cumulation order is invalid under Tex. Penal Code Ann. §§ 3.01, 3.02 and 3.03 because he was tried in a single criminal action for offenses arising out of the same criminal episode. We all agree that under *LaPorte v. State*, 840 S.W.2d 412 (Tex. Cr.App.1992), the cumulation order is invalid. Where I part company with the majority is on the remaining issue of what relief is appropriate.

### I.

In *Ex parte Sims*, 868 S.W.2d 803 (Tex.Cr. App.1993), we addressed the identical situation. The State dismissed the capital murder charges against Sims, he pled guilty to two separate offenses of murder and the sentences were cumulated. Under *LaPorte* the cumulation order was invalid. However, because the possibility of consecutive sentences was part of the plea bargain agreement and because specific performance of the bargain could not be obtained, we returned the parties to their positions prior to the plea of guilty, set aside the judgments and ordered Sims to answer the charging instruments in each case. *Id.*, 868 S.W.2d at 805. Consequently, under *Sims* the majority appropriately sets aside the judgments in cause nos. 23,706 and 23,707 and orders applicant returned to Navarro County to answer the informations in these cases. However, for the following reasons, I believe this remedy is unacceptable under the unique circumstances presented when the defendant is initially charged with a capital offense.

### II.

Initially, the State had the option of prosecuting applicant for capital murder. But the State relinquished that option in the plea bargain agreement. However, because of the unique nature of capital murder prosecutions, where the State has dismissed the capital murder allegations pursuant to a plea bargain agreement that is later determined to be unenforceable, the State cannot subsequently seek to prosecute the defendant for capital murder because such action violates the Due Process Clause's prohibition against prosecutorial vindictiveness.

In *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the Supreme Court held the Due Process Clause is violated when a defendant is punished for successfully exercising his constitutional or statutory rights. *Id.*, 395 U.S. at 724, 89 S.Ct. at 2080.

> Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or *collaterally attack* his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

*Ibid.* [Emphasis added.] To make sure that vindictiveness plays no part in a harsher sentence, the Court concluded "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for

his doing so must affirmatively appear [in the record]." *Id.,* 395 U.S. at 726, 89 S.Ct. at 2081. The Due Process Clause is not offended by all possibilities of increased punishment upon retrial after appeal, only by those which pose a realistic likelihood of vindictiveness. *See, Alabama v. Smith,* 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989), and cases cited therein.

In *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), the Supreme Court considered whether due process required a rule analogous to *Pearce,* in situations where prosecutors had the opportunity for vindictiveness. *Perry,* 417 U.S. at 27, 94 S.Ct. at 2102. Perry was convicted of misdemeanor assault. Under North Carolina law, Perry was entitled to a trial *de novo* on appeal. However, while his appeal was pending, the State obtained a felony assault indictment against Perry covering the same conduct. Perry pled guilty to the felony, but later sought habeas relief. *Id.,* 417 U.S. at 23–24, 94 S.Ct. at 2100. The Supreme Court held *Pearce* applied to prosecutors:

> A prosecutor clearly has a considerable stake in discouraging the convicted misdemeanant from appealing and thus obtaining a trial *de novo* in the Superior Court, since such an appeal will clearly require increased expenditures of prosecutorial resources before the defendant's conviction becomes final, and may even result in a formerly convicted defendant's going free. And, if the prosecutor has the means readily at hand to discourage such appeals—by "upping the ante" through a felony indictment whenever a convicted misdemeanant pursues his statutory appellate remedy—the State can insure that only the most hardy defendants will brave the hazards of a *de novo* trial.

*Perry,* 417 U.S. at 27–28, 94 S.Ct. at 2102–2103. Further, the Supreme Court held evidence of bad faith or maliciousness on the part of the prosecutor was not required. *Id.,* 417 U.S. at 28–29, 94 S.Ct. at 2102–2103.[1] Because the fear of such vindictiveness may unconstitutionally deter a defendant from exercising his right to appeal or collaterally attack his conviction, due process requires that a defendant be freed of apprehension from retaliation by the prosecutor. *Ibid.* Consequently, even though there was no evidence of vindictiveness, the Supreme Court held it was "not constitutionally permissible for the State to respond to Perry's invocation of his statutory right to appeal by bringing a more serious charge against him...." *Ibid.*

Therefore, where the State has dismissed capital murder allegations pursuant to a plea bargain agreement that on appeal or collateral attack is found to be unenforceable, the State cannot subsequently seek to prosecute the defendant for capital murder because such action would constitute prosecutorial vindictiveness. *Ronk v. State,* 578 S.W.2d 120 (Tex.Cr.App.1979) (Panel Opinion); and, *Doherty v. State,* 892 S.W.2d 13 (Tex.App.— Houston [1st Dist.] 1994). Consequently, applicant, on remand, may be prosecuted in cause nos. 23,706 and 23,707, but cannot be prosecuted for capital murder.

### III.

Plea bargain agreements are based upon an exchange of benefits. When a defendant attacks a conviction based upon a plea bargain agreement, he attacks the benefit bestowed upon him and seeks to withdraw from his end of the bargain. *Shannon v. State,* 708 S.W.2d 850, 851 (Tex.Cr.App.1986). When a defendant successfully challenges a plea bargain agreement, the appropriate remedy is specific performance, if possible, or, if not, withdrawal of the plea and return the parties to their original positions. *Id.,* 708 S.W.2d at 852. In my opinion neither of these two alternatives is viable in light of the unique circumstances presented in this type of case.

First, pertaining to specific performance. Because the cumulation order was not authorized by law, the order is invalid and this Court cannot order specific performance of the instant plea bargain agreement. Nevertheless, specific performance could be fully realized if we ordered the judgments set aside, and applicant agreed to again plead guilty to the informations and receive life sentences in each case and have those sen-

---

tences properly cumulated under the authority of *Ex parte Pharr*, 897 S.W.2d 795 (Tex. Cr.App.1995). However, this Court cannot guarantee that result, and I find it highly improbable that applicant would be so agreeable; if he were so inclined he would not have sought habeas relief in this case.

Second, whether the parties can be returned to their "original positions" depends on that term. In *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), the defendant pled to a lesser charge in exchange for an agreement by the prosecution not to make a recommendation on punishment. When the Court invalidated the plea, it noted that, should the defendant be permitted to withdraw his plea, he would replead to the *original* charge, not the reduced charge. *Id.*, 404 U.S. at 263 n. 2, 92 S.Ct. at 499 n. 2. However, because of the unique circumstances presented here, the State may not return to its original position of prosecuting applicant for capital murder. *See* part II, *supra.* Instead, returning the parties to their original positions is limited to returning applicant to plead to the informations charging murder and aggravated robbery. On remand, applicant can demand a trial in each case. At those trials he can be convicted of the charged offenses or lesser offenses, or be acquitted; he can possibly receive a sentence less than confinement for life; and, there is a possibility the sentences would not be cumulated. Therefore, in my opinion, returning the parties to their original positions is either impossible or would result in a windfall for applicant and operate to the detriment of the State.

Consequently, neither of the two traditional remedies for successfully challenged plea bargain agreements are viable in this situation. While plea bargain agreements are based upon contractual principles, they should not be blindly applied if those principles would result in the denial of the mutual benefits bargained for. In the instant case, there is the potential for the State to lose all of the benefits it bargained for, namely findings of guilt accompanied by two life sentences. While this Court is prohibited by law from enforcing the cumulation order, I believe that in these unique cases a partial

benefit is better than the possibility of no benefit at all. Therefore, I would hold that in cases where the State agrees to dismiss capital murder charges in exchange for cumulated sentences for offenses that gave rise to the capital murder charges, the proper remedy is to delete the cumulation order. Accordingly, I would expressly overrule *Ex parte Sims*, 868 S.W.2d 803.

With these comments, I respectfully dissent.

OVERSTREET and MALONEY, JJ., join this opinion.