MARY'S OPINION HEADING 



 NO. 12-02-00156-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


RONALD BRUNELLE,
§
 APPEAL FROM THE 241ST

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

OPINION


 This is an appeal from the trial court's order granting the State's motion to "withdraw a plea"
entered in a capital murder case. Appellant raises two issues on appeal. We vacate the trial court's
order. 

Background


 On December 29, 1998, Appellant was indicted for the offense of capital murder. Pursuant
to a plea agreement, on December 29, 1998, Appellant pleaded guilty to the lesser-included offense
of murder, and on May 29, 1999, he was sentenced to confinement for life. The plea agreement
between Appellant and the State required Appellant to testify against a co-defendant. On July 25,
2001, Appellant appeared in court and announced that he would not testify at the co-defendant's
trial. Thereafter, the State filed a motion to withdraw the plea entered almost three years earlier. In
its motion, the State asks the trial court to declare the plea agreement and the conviction
unenforceable because of Appellant's breach and asks the trial court to allow it to proceed under
another indictment for capital murder against Appellant. The trial court granted the State's Motion.



Jurisdiction


 In his first issue, Appellant contends the trial court had no jurisdiction to entertain or grant
the State's motion more than two and one-half years after Appellant had been sentenced. Appellant
argues that a withdrawal of the plea effectively vacates the conviction. He maintains that neither our
constitution nor our statutes authorize the district court to set aside or withdraw a plea of guilty after
the expiration of its plenary power.

 The State argues that the order is not appealable because it serves only to inform the
Appellant that because of Appellant's breach, the State is no longer bound by the plea agreement. 
According to the State, "the ruling of the trial court was an interlocutory ruling in an ongoing
contractual dispute and there is no final order from which to appeal." The State also argues that
although the court has lost jurisdiction to alter the judgment and sentence, it preserves jurisdiction
over contractual disputes involving the plea agreement.

 We agree that, in general, contract law principles apply to the review of issues involving the
content of a plea agreement. See Ex parte Moussazadeh, 64 S.W.3d 404, 411 n.8 (Tex. Crim. App.
2001). The State as well as the appellant is entitled to the benefit of its bargain. Rickets v.
Adamson, 483 U.S. 1, 9-12, 107 S. Ct. 2680, 2685-87, 97 L. Ed. 291 (1987). The State is as entitled
to specific performance of the plea agreement as is the defendant. Hoang v. State, 872 S.W.2d 694,
698 (Tex. Crim. App. 1993). Even though the defendant has been convicted, if the State cannot
receive the benefit of its bargain, the plea can be withdrawn and the parties returned "to their
bargaining positions which led to the initial plea agreement." Ex parte Sims, 868 S.W.2d 803, 805
(Tex. Crim. App. 1993). However, although contractual concepts apply to plea bargains, they cannot
be enforced to the detriment of due process. Ex parte Adkins, 767 S.W.2d 809, 810 (Tex. Crim.
App. 1989).

 If Appellant has breached the plea agreement, as appears to be the case, the State is entitled
to the enforcement of its bargain. If specific performance is impossible, then the parties must be
returned to the positions they occupied before the plea bargain. However, we cannot accept the
State's position that even after the expiration of its plenary power, the trial court retains a species
of contract jurisdiction enabling it to interpret the plea agreement and to set it aside if it determines
the agreement has been breached.

 It is well settled that only the court of criminal appeals has the authority to set aside a
criminal conviction after the plenary power of the trial court has expired. See Hoang, 872 S.W.2d
at 697. And it is also true that "[a] court does not lack authority to determine whether [a] prior
judgment is void just because it has no authority to vacate the judgment . . . ." Id. But the latter rule
assumes a court whose jurisdiction has been legitimately invoked.

 It is noteworthy that much of the case law relating to the breach of plea agreements is set out
in habeas opinions from the court of criminal appeals. So it appears that, in Texas practice at least,
a habeas proceeding is the ordinary and appropriate forum for the resolution of the issues involved.

 We can find no precedent for the proceeding initiated by the State in this case, nor can we
see any necessity or purpose for it. Appellant has been re-indicted for this offense, which should
serve as adequate notice to Appellant that the State considers the plea agreement invalid. If
Appellant believes this conviction still bars the subsequent prosecution, he may challenge the
subsequent prosecution in an appropriate proceeding wherein he would have the opportunity to more
fully develop the facts.


Conclusion


 We conclude the district court lacked jurisdiction. Therefore, the order is vacated. Because
of our disposition of Appellant's first issue, we need not address Appellant's remaining issue. Tex.
R. App. 47.1.


 BILL BASS 

 Justice



Opinion delivered July 31, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by
assignment.





 (PUBLISH)