Opinion issued July 8, 2010.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00013-CR

NO. 01-09-00014-CR

———————————

JOEY SULA, Appellant

V.

THE STATE OF
TEXAS, Appellee



 



 

On Appeal from the 400th District Court

Fort Bend County, Texas



Trial Court Case No. 48,258

 



 

MEMORANDUM OPINION

          A
jury convicted appellant Joey Sula of theft (Count I; appellate case no.
01-09-00013-CR) and money laundering (Count II; appellate case no.
01-09-00014-CR) based on actions he committed “pursuant to one scheme and
continuing course of conduct.”  The jury assessed
punishment at ten years’ confinement and a $10,000 fine for each conviction,
and the trial court ordered the sentences to run consecutively.  Sula contends that his sentences should run
concurrently.  Because we find merit in
Sula’s argument, we modify the judgment of the trial court to state that the
sentences will run concurrently, and we affirm the trial court’s judgment as
modified.

Background

          The
State charged Sula by indictment with theft and money laundering.  See Tex.
Penal Code Ann. § 31.03(a), (b), (e)(7) (Vernon Supp. 2009)
(theft); id. § 34.02(a)(1)
(money laundering).  The indictment read
as follows:

Count I

 

On or about and between July
18, 2006 and March 1, 2007, the defendant, did pursuant to one scheme and
continuing course of conduct, unlawfully appropriate property, to wit:  money, of the aggregate value of $200,000 or
more . . . without the effective consent of the owner, and with the intent to
deprive the owner of the property.

 

Count II

 

On or about and between July
18, 2006 and March 1, 2007, the defendant did pursuant to one scheme and
continuing course of conduct, knowingly acquire or conceal or possess or
transfer the proceeds of criminal activity, to wit: theft, of the value of
$200,000 or more.

 

Sula pleaded not guilty to these charges, and the
jury convicted him on both counts.  After
the jury assessed punishment at ten years’ confinement and a fine of $10,000 on
each count, the trial court entered judgment, which stated, “Sentences to run
consecutively (stacked) . . . .  It is
FURTHER ORDERED that the sentence in Count II is to run consecutive to the
sentence in Count I.”  On December 30,
2008, Sula filed notice of appeal, and on March 3, 2009, this Court granted
Sula’s motion to proceed without a reporter’s record.

Concurrent or Consecutive Sentencing

          In
one issue, Sula argues that the trial court improperly imposed consecutive
sentences.  We review a sentence imposed
by the trial court for abuse of discretion. 
Jackson v. State, 680 S.W.2d
809, 814 (Tex. Crim. App. 1984).  The
Code of Criminal Procedure generally authorizes a trial court to order
consecutive sentences when a defendant is convicted in two or more cases:

Except as provided by
Sections (b) and (c) of this article, in the discretion of the court, the
judgment in the second and subsequent convictions may either be that the
sentence imposed or suspended shall begin when the judgment and the sentence
imposed or suspended in the preceding conviction has ceased to operate, or that
the sentence imposed or suspended shall run concurrently with the other case or
cases, and sentence and execution shall be accordingly . . . .

 

Tex. Code Crim. Proc. Ann. art.
42.08(a) (Vernon Supp. 2009).[1]

However, “the trial court’s general
authority under Article 42.08 to order consecutive sentences is statutorily
limited by [Penal Code] Section 3.03.”  LaPorte v. State, 840 S.W.2d 412, 415
(Tex. Crim. App. 1992); see Jackson v.
State, 157 S.W.3d 514, 516 (Tex. App.—Texarkana 2005, no pet.).  The Penal Code provides an exception to
consecutive sentencing for offenses arising out of the same criminal episode:

(a) When the accused is
found guilty of more than one offense arising out of the same criminal episode
prosecuted in a single criminal action, a sentence for each offense for which
he has been found guilty shall be pronounced.  Except as provided by Subsection (b), the
sentences shall run concurrently.

 

(b) If the accused is found
guilty of more than one offense arising out of the same criminal episode, the
sentences may run concurrently or consecutively if each sentence is for a conviction
of:

 

(1) an offense: 

 

(A) under Section 49.07 or
49.08 [intoxication assault and intoxication manslaughter], regardless of
whether the accused is convicted of violations of the same section more than
once or is convicted of violations of both sections; or 

 

(B) for which a plea
agreement was reached in a case in which the accused was charged with more than
one offense listed in Paragraph (A), regardless of whether the accused is
charged with violations of the same section more than once or is charged with violations
of both sections; 

 

(2)
an offense: 

 

(A) under 21.11 [indecency
with a child], 22.011 [sexual assault], 22.021 [aggravated sexual assault],
25.02 [prohibited sexual conduct], or 43.25 [sexual performance by a child] committed
against a victim younger than 17 years of age at the time of the commission of
the offense regardless of whether the accused is convicted of violations of the
same section more than once or is convicted of violations of more than one
section; or 

 

(B) for which a plea
agreement was reached in a case in which the accused was charged with more than
one offense listed in Paragraph (A) committed against a victim younger than 17
years of age at the time of the commission of the offense regardless of whether
the accused is charged with violations of the same section more than once or is
charged with violations of more than one section; 

 

(3)
an offense: 

 

(A) under Section 21.15 [improper
photography or video recording] or 43.26 [possession or promotion of child
pornography], regardless of whether the accused is convicted of violations of
the same section more than once or is convicted of violations of both sections;
or 

 

(B) for which a plea
agreement was reached in a case in which the accused was charged with more than
one offense listed in Paragraph (A), regardless of whether the accused is
charged with violations of the same section more than once or is charged with
violations of both sections.[2]

          

“[A] defendant is prosecuted in ‘a single criminal
action’ whenever allegations and evidence of more than one offense arising out
of the same criminal episode, as that term is defined in Chapter 3, are
presented in a single trial or plea proceeding, whether pursuant to one
charging instrument or several . . . .”  LaPorte, 840 S.W.2d at 415.  Chapter 3 defines “criminal episode” as
follows:

“[C]riminal episode” means
the commission of two or more offenses, regardless of whether the harm is
directed toward or inflicted upon more than one person or item of property,
under the following circumstances: (1) the offenses are committed pursuant to
the same transaction or pursuant to two or more transactions that are connected
or constitute a common scheme or plan; or (2) the offenses are the repeated
commission of the same or similar offenses.

 

Tex. Penal Code Ann. § 3.01
(Vernon 2003).  “If the facts show the
proceeding is a single criminal action based on charges arising out of the same
criminal episode, the trial court may not order consecutive sentences.”  LaPorte,
840 S.W.2d at 415.  Because “[a]n
improper cumulation order is, in essence, a void sentence,” it may be
challenged for the first time on appeal, and the appellate court may reform a
trial court’s judgment to correct an improper cumulation order.  Id.

Section 3.03 Applies to Sula’s
Convictions

          In a
single indictment, Sula was charged with theft and money laundering.  The indictment states that the actions were
“pursuant to one scheme and continuing course of conduct” that occurred between
July 18, 2006, and March 1, 2007.  Count
I alleges that Sula unlawfully appropriated $200,000 from the complainant.  Count II, the money laundering allegation, implicitly
refers to Count I, alleging that Sula “did pursuant to one scheme and
continuing course of conduct, knowingly acquire or conceal or possess or
transfer the proceeds of criminal activity, to wit: theft, of the value of
$200,000.”  Both counts were tried
together.  Thus, the appellate record
shows that Sula was tried for a single criminal action based on charges arising
out of the same criminal episode. 
Therefore, the trial court was not authorized to order consecutive
sentences unless one of the exceptions to section 3.03 applied.  See id.

Statutory Exceptions to Section 3.03
Do Not Apply to Sula

          Sula
was convicted of theft and money laundering. 
See Tex. Penal Code
Ann. § 31.03(a), (b), (e)(7) (Vernon Supp. 2009) (theft); id. § 34.02(a)(1) (money
laundering).  At the time of Sula’s
commission of the charged offenses, section 3.03 precluded consecutive
sentencing except when the accused was convicted of an offense against a minor
arising under Penal Code sections 21.11 (indecency with a child), 22.011
(sexual assault), 22.021 (aggravated sexual assault), 25.02 (prohibited sexual
conduct), or 43.25 (sexual performance by a child) or when the accused was
convicted of an offense arising under Penal Code sections 21.15 (improper
photography or visual recording) or 43.26 (possession or promotion of child
pornography).  See Act of May 26, 1995, 74th Leg., R.S., ch. 596, 1995 Tex. Gen.
Laws 3435, amended by Act of May 31,
1997, 75th Leg., R.S., ch. 667, 1997 Tex. Gen. Laws 2251, amended by Act of May 23, 2005, 79th Leg., R.S., ch. 527, 2005 Tex.
Gen. Laws 1429.

Sula’s conviction did not implicate
any of the exceptions to section 3.03’s bar on consecutive sentencing, and
therefore the trial court had no discretion to order Sula’s sentences to run
consecutively.  See id.

Lack of Reporter’s Record Not Fatal
to Appeal

          The
State argues that Sula waived error as to his sentencing by failing to procure
a reporter’s record on appeal. 
Specifically, the State argues, “Without the record, we have no way of
knowing what the trial court’s reasoning was with respect to ‘stacking’
Appellant’s sentences, any authority relied upon by the Court, or even whether
Appellant objected to the trial court’s ruling.”  

The Court of Criminal Appeals has
explained that the right to challenge the imposition of consecutive sentences
may be affirmatively waived but cannot be forfeited by inaction.  Ex
parte Minott, 972 S.W.2d 760, 761–62 (Tex. Crim. App. 1998).

This Court recently held
that a defendant’s decision not to request a severance and to accept the
imposition of consecutive sentences imposed in a single criminal action for two
offenses arising out of the same criminal episode, were valid waivers of his
right to concurrent sentences.  Ex parte McJunkins, 954 S.W.2d 39 (Tex.
Crim. App. 1997).  In McJunkins, we employed a threepart test
set out in Ex parte Sims, 868 S.W.2d
803 (Tex. Crim. App. 1993).  The Sims opinion properly noted the basic
division of legal rules into (1) absolute requirements and prohibitions which
cannot be waived or forfeited, (2) rights of litigants that must be implemented
unless affirmatively waived, and (3) rights of litigants that are implemented
on request but are forfeited by a failure to invoke them.  Using the aforementioned test, this Court
found in McJunkins the requirement of
Texas Penal Code Section 3.03, that multiple sentences run concurrently if they
arise out of the same criminal episode and are imposed in a single criminal
action, is one which must be implemented unless affirmatively waived.

 

Id.  A contemporaneous objection at trial was not
necessary to preserve this error for review, and Sula was entitled to raise
this issue for the first time on appeal. 
See LaPorte, 840 S.W.2d at
415; accord Allen v. State, 951
S.W.2d 925, 928 (Tex. App.—San Antonio 1997, pet. ref’d) (holding that
defendant is under no duty to object to motion to cumulate).

          Here,
the clerk’s record—the indictment, court’s charge, and judgment—adequately
showed that, in a single criminal action, Sula was convicted of two offenses
arising from the same criminal episode. 
While such a record may not always be sufficient, we conclude that it is
sufficient in Sula’s case.  Cf. Roberts v. State, No.
01-03-00311-CR, 2004 WL 2612413, at *5 (Tex. App.—Houston [1st Dist.] Nov. 18,
2004, pet. ref’d) (not designated for publication) (holding record insufficient
to show appellant had been prosecuted in single criminal action as required by
statute).  Texas Rule of Appellate
Procedure 37.3 authorizes us to consider and decide those issues that do not require
a reporter’s record for a decision.  Tex. R. App. P. 37.3(c).  We conclude that Sula’s issue did not require
a reporter’s record for decision.

          Accordingly,
we hold that the trial court abused its discretion by ordering Sula’s sentences
to run consecutively, and we sustain Sula’s sole issue.[3]




 

Conclusion

          We
modify the trial court’s judgment to eliminate the trial court’s improper
cumulation order, and, as modified, we affirm the judgment of the trial court.  See
Tex. R. App. P. 43.2(b).

 

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel
consists of Justices Keyes, Sharp, and Massengale.

Do
not publish.   Tex. R. App. P. 47.2(b).

 











[1]        This
statute was revised after Sula committed the charged offenses, however, the
revision did not change the quoted language.





[2]        Act of May 26, 1995, 74th Leg., R.S., ch.
596, 1995 Tex. Gen. Laws 3435, amended by
Act of May 31, 1997, 75th Leg., R.S., ch. 667, 1997 Tex. Gen. Laws 2251, amended by Act of May 23, 2005, 79th
Leg., R.S., ch. 527, 2005 Tex. Gen. Laws 1429 (current version at Tex. Penal Code Ann. § 3.03
(Vernon Supp. 2009)).  The
Legislature has amended the Penal Code twice since Sula’s commission of the
charged offenses.  In 2007, the
Legislature added the words “Section 21.02” (continuous sexual abuse of
young child or children) and “Section 33.021 [online solicitation of a
minor] or an offense under” to section 3.03(b)(2)(A).  See Act
of May 18, 2007, R.S., 80th Leg., ch. 593, § 3.47, 2007 Tex. Gen. Laws 1120,
1147; Act of May 27, 2007, R.S., 80th Leg., ch. 1291, § 6, 2007 Tex. Gen. Laws
4344, 4349 (both provisions effective September 1, 2007).  In 2009, the Legislature added
subsection (b)(4) to section 3.03. 
These changes apply only to offenses committed after their effective
dates.  Sula committed his offenses
before the effective dates of the revisions. 
In addition, because these changes refer to offenses unrelated to theft
or money laundering, they do not affect the analysis or disposition of this
appeal.





[3]        As to the
State’s argument that the absence of a reporter’s record prevented us from
discerning the trial court’s reasoning, we note that the trial court’s reasoning is not relevant to our disposition of this
case, because the trial court’s action was prohibited by statute.  See
LaPorte, 840 S.W.2d at 415 (“An improper cumulation order is, in essence, a
void sentence . . . .”).