

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JAMES ROBERT ELLIOT, | § | No. 08-13-00034-CR |
| Appellant, | § | Appeal from the |
| v. | § | 432nd District Court |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC#1274489D) |
| | § | |

## **O P I N I O N**

Appellant, James Robert Elliot, appeals his conviction of one count of aggravated robbery with a deadly weapon in Cause Number 1274489D.[1]  TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2011).   We affirm.

## **BACKGROUND**

Shortly after their marriage, Appellant, his wife, and her two children began living with his wife's grandparents, Earl and Patsy Tow, in Saginaw, Texas.[2]   While living with the Tows, Appellant wrote approximately $60,000 worth of fraudulent checks from Patsy's account. When Earl confronted Appellant regarding the fraudulent checks, Appellant admitted to writing

---

[1]  This is a companion case to cause no. 08-13-00035-CR.
[2]   As this case was transferred from our sister court in Fort Worth, we decide it in accordance with the precedent of that court. TEX. R. APP. P. 41.3.

them and promised to pay back the money if Earl would agree not to involve the authorities. After Appellant and his family moved out of the Tow's home a few weeks later, Appellant returned to collect some belongings. Shortly after Appellant left the house, Earl's bank called and informed him Appellant was there attempting to cash another check on the Tow's account. Earl told the bank not to cash the check.

Appellant returned to the Tow's home and denied to Earl that he had been at the bank or had attempted to cash another check. Appellant then informed Earl that he needed $3,200 to pay a ransom to drug dealers who had kidnapped his wife and her two children. Earl did not believe Appellant's story and denied his request for money. Appellant then pulled a gun and threatened to kill Earl if he did not get down on his knees. Earl refused and Appellant fired a shot to the right of where Earl stood. After Appellant told Earl again to get on his knees, Earl threw coffee in Appellant's face. Appellant fired a second shot, missing Earl again. Earl called 911, which angered Appellant, and the two men wrestled over the gun. A third shot was fired, but missed Earl's leg. During the scuffle, Earl knocked the gun out of Appellant's hand, and as the two continued fighting, Appellant attempted to choke Earl. The police arrived, broke up the fight, and arrested Appellant. Police recovered live .380 shells, spent .380 casings, a .380 handgun from the scene, and ten zip ties from the inside of and lying around Appellant's jacket.

Appellant entered open pleas of guilty to the trial court on one count of aggravated robbery with a deadly weapon in Cause Number 1274489D, and one count of theft of property of an elderly person in Cause Number 1289808D. The property stolen in Cause Number 1289808D was valued between $20,000 and $100,000. TEX. PENAL CODE ANN. §§ 29.03(a)(2);

31.03(f) (West 2011).

At the punishment hearing on November 19, 2012, after the State sought a sentence of fifty years, the trial court imposed concurrent thirty-year sentences in both cases, and Appellant filed his notices of appeal that same day.[3]  After reviewing its imposition of sentence, the trial court realized that it had erroneously imposed an improper sentence in excess of the permitted twenty-year maximum punishment for the second-degree theft conviction.  TEX. PENAL CODE ANN. § 12.33 (West 2011).  On the following day, November 20, 2012, the trial court called Cause Number 1289808D and, in the presence of Appellant, his counsel, and counsel for the State, specifically modified Appellant's sentence to twenty years' confinement for the theft offense in Cause Number 1289808D, to run concurrently with the aggravated robbery sentence in Cause Number 1274489D.

## DISCUSSION

Appellant raises two issues on appeal.  Appellant filed a single brief in support of his appeal of both Cause Numbers 1274489D and 1289808D.

In Issue One, Appellant claims the trial court's correction of the illegal sentence in Cause Number 1289808D, relating to theft of an elderly person, was not the proper remedy because it did not return Appellant to his pre-plea position.[4]  *See Ex parte Sims,* 868 S.W.2d 803, 804 (Tex.Crim.App. 1993), *overruled on other grounds by Ex parte McJunkins,* 954 S.W.2d 39, 41 (Tex.Crim.App. 1997).  Appellant asserts that he should be returned to his pre-plea position in this case as well because both this case and the theft case were part of the same "illegal" sentencing hearing.  We disagree.

---

[3] Appellant filed his motions for new trial on December 17, 2012.
[4] Our case number for Appellant's appeal from his theft-of-elderly conviction is 08-13-00035-CR.

In Appellant's appeal of his theft case, we determined Appellant had entered an open plea and that the trial court properly remedied its initial imposition of an illegal sentence in the theft case by subsequently imposing a legal sentence within the confines of the range of punishment. Appellant also entered an open plea in this case, but the trial court's November 19, 2012, oral pronouncement of Appellant's thirty-year sentence for aggravated robbery with a deadly weapon was an authorized sentence as it was within the range of punishment for that offense. Having demonstrated no basis for relief, Issue One is overruled.

In Issue Two, Appellant claims his sentence in this case constitutes cruel and unusual punishment, violating his constitutional rights.

As a general rule, punishment is not cruel and unusual if it falls within the range of punishment established by the Legislature. *Jackson v. State,* 680 S.W.2d 809, 814 (Tex.Crim.App. 1984); *Harris v. State,* 656 S.W.2d 481, 486 (Tex.Crim.App. 1983); *Dale v. State,* 170 S.W.3d 797, 799 (Tex. App. – Fort Worth 2005, no pet.). A narrow exception to this general rule is recognized when the sentence is grossly disproportionate to the offense. *Dale,* 170 S.W.3d at 799, *citing Harmelin v. Michigan,* 501 U.S. 957, 1004–05, 111 S.Ct. 2680, 2706– 07, 115 L.Ed.2d 836 (1991) (Kennedy J., concurring); *Solem v. Helm,* 463 U.S. 277, 290–92, 103 S.Ct. 3001, 3009–11, 77 L.Ed.2d 637 (1983); *McGruder v. Puckett,* 954 F.2d 313, 316 (5th Cir.), *cert. denied,* 506 U.S. 849, 113 S.Ct. 146, 121 L.Ed.2d 98 (1992).

Generally, sentences falling within the prescribed statutory limitations are not considered cruel and unusual punishment within the meaning of either the United States or Texas Constitution. *Harris,* 656 S.W.2d at 486; *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App. – Fort Worth 2009, pet. ref'd); *Dale*, 170 S.W.3d at 799. Only in exceedingly rare cases may a

sentence within the statutorily-prescribed range be proven to be out of proportion to the crime and violate the Eighth Amendment. *Solem,* 463 U.S. at 288-90, 103 S.Ct. at 3008–09. The objective criteria for assessing such claims include the (1) gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same offense in other jurisdictions. *Id.* at 292, 103 S.Ct. at 3010–11.

After the Supreme Court's decision in *Harmelin,* a question arose whether the Eighth Amendment did or did not prohibit disproportionate sentences in non-death penalty cases. The Fifth Circuit concluded in *McGruder* that proportionality analysis survived *Harmelin* but *Solem* did not. *McGruder,* 954 F.2d at 316. The Fifth Circuit determined that *Harmelin* required a reviewing court to initially make a threshold comparison of the gravity of the defendant's offenses against the severity of his sentence. *Id.* Only if the reviewing court finds that the sentence is grossly disproportionate to the offense will it consider the remaining *Solem* factors and compare the sentence received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions. *Id.*

Appellant was convicted of aggravated robbery with a deadly weapon, a first-degree felony. The statutory range of punishment for a first-degree felony offense is five to ninety-nine years or life imprisonment and a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.32 (West 2011). The thirty-year sentence assessed by the trial court falls within the statutory range of punishment. Therefore it is generally not considered to amount to cruel or unusual punishment. *Harris,* 656 S.W.2d at 486; *Kim*, 283 S.W.3d at 475.

In support of his contention that his sentence may be categorized as cruel and unusual

5

despite falling within the statutory guidelines, Appellant notes that he had no prior criminal history, no one was seriously injured during his commission of the offenses, Earl had expressed a willingness to allow him to repay the theft amount, and he suffered from post-traumatic stress disorder at the time of the offense.

We will first consider the threshold comparison of the gravity of the offense against the severity of the sentence. The gravity of the offense is determined by evaluating the harm caused or threatened and the offender's culpability. *Dale,* 170 S.W.3d at 800. Appellant committed aggravated robbery with a deadly weapon. This offense obviously involves an implicit threat and risk of death or serious bodily injury. Appellant did not merely threaten Earl with a gun in order to obtain money; he actually fired the weapon multiple times, narrowly missing Earl. If Appellant's aim had been better, and if Earl had not called 911 and wrestled Appellant, as the State aptly noted during the punishment hearing, this could easily have been a capital murder case rather than one for an aggravated robbery. The thirty-year sentence assessed by the trial court is near the lower third of the statutory punishment range. Under the facts of this case, we are unable to conclude that the sentence is grossly disproportionate to the severity of the offense. Consequently, it is unnecessary to consider the remaining *Solem* factors. Issue Two is overruled.

In its brief, the State has notified this Court that the written judgment in Cause Number 1274489D improperly reflects a twenty-year sentence, which conflicts with the trial court's oral pronouncement imposing a thirty-year sentence after Appellant entered his guilty plea in Cause Number 1274489D for the offense of aggravated robbery with a deadly weapon. The State requests this Court to reform the written judgment in Cause Number 1274489D to conform with the trial court's oral pronouncement of sentence. We agree with the State that reformation of

6

the judgment in Cause Number 1274489D is proper.

If a discrepancy exists between the oral pronouncement and the written sentence, the oral pronouncement controls. *Thompson v. State*, 108 S.W.3d 287, 290 (Tex.Crim.App. 2003). An appellate court can modify a judgment to ensure it accurately reflects the conviction. TEX. R. APP. P. 43.2(b); *see Thompson*, 108 S.W.3d at 290; *Nelson v. State*, 149 S.W.3d 206, 213 (Tex. App. – Fort Worth 2004, no pet.) (appellate court may correct and reform a trial court judgment to make the judgment congruent with the record).

Here, the trial court specifically modified Cause Number 1289808D, the theft case, and there is no evidence in the record before us that the trial court modified its pronouncement of the thirty-year sentence in Cause Number 1274489D, the aggravated robbery case. Appellant has not argued in reply that there is any legal basis which would bar our reformation of the written judgment. We therefore modify the written judgment in Cause Number 1274489D to conform with the trial court's oral pronouncement imposing a sentence of thirty years' confinement. TEX. R. APP. P. 43.2(b); *see Thompson*, 108 S.W.3d at 290.

## CONCLUSION

The trial court's judgment is affirmed as modified.


                      ANN CRAWFORD McCLURE, Chief Justice

September 30, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.
Rivera, J., not participating

(Do Not Publish)