

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-42,794-05

**Ex parte GILMORE FRANKLIN COX, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR-29,938-A IN THE 217TH DISTRICT COURT
### FROM ANGELINA COUNTY

KELLER, P.J., filed a concurring opinion in which KEASLER and HERVEY, JJ., joined.

We filed and set this case to decide what the proper remedy is when a defendant pleads guilty to multiple counts pursuant to a plea bargain and one of the counts is invalid. Should the remainder of the plea agreement be salvaged or should both counts be set aside because the agreement was a package plea deal? And, by the way, what makes a plea bargain a "package deal?"

I would hold, first, that a defendant's pleas to multiple counts or causes is a package deal when each plea is related to and conditioned on the acceptance of the plea recommendations in the other counts or causes. When the plea offer is "all or nothing," I would hold that the parties have entered into a package deal. I agree with the Court that there was a package deal in this case.

As to the larger question, there are two variables that affect what should happen when a defendant is successful in invalidating part of the plea bargain. (1) If he establishes that the plea was

involuntary, then the contract was never valid, and the entire plea should be set aside.[1] To show an involuntary plea, the defendant must establish that, absent the invalidity, he would not have pled guilty but would have insisted on a trial.[2] (2) If the plea was voluntary, but a defendant shows that he is entitled to get out of one part of the plea bargain, he gives up his right to hold the State to its end of the plea bargain: the State is entitled to have the entire plea undone.[3] But the State has another option. If it decides it would rather give up the right to have the entire plea undone and enforce the remaining part of the contract, it should be able to do that instead.[4]

Here, I agree that applicant's plea was involuntary, but not for the reason stated by the Court. A defendant might well enter a voluntary plea, and benefit from it, even when one allegation fails to state an offense.

For these reasons, I concur in the Court's judgment.

Filed: January 27, 2016
Publish

---

[1] *See Ex parte Mable*, 443 S.W.3d 129, 130 (Tex. Crim. App. 2014).

[2] *See Ex parte Moussazadeh*, 361 S.W.3d 684, 691 (Tex. Crim. App. 2012).

[3] *See Ex parte McJunkins*, 926 S.W.2d 296, 297-98 (Tex. Crim. App. 1996), *different result reached on reh'g*, 954 S.W.2d 39 (Tex. Crim. App. 1997).

[4] *See Ex parte Ervin*, 991 S.W.2d 804, 817 (Tex. Crim. App. 1999); *McJunkins*, 926 S.W.2d at 297-98.